IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN KNOCHE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES JAMES DROEGE, Chief Judge of the Johnson County District Court,<br><br>　　　　　　　Defendant. | Case No. 24-CV-2150-JWB-TJJ |

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR ISSUANCE OF SUMMONS AND
ORDER TO SHOW CAUSE**

Plaintiff commenced this action *pro se* on April 16, 2024, by filing a complaint (ECF No. 1) against Defendant, who is the Chief Judge of the Johnson County, Kansas District Court. On April 26, 2024, the Court entered an order (ECF No. 6) granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*in forma pauperis*) but withholding service of summons and the complaint upon Defendant pending further order of the Court. On April 29, 2024, Plaintiff filed an Amended Complaint (ECF No. 7) and "Memorandum in Support of Lawsuit Jurisdiction Pursuant [to] Section 1983" (ECF No. 8). This matter is currently before the Court on Plaintiff's Motion to Proceed and Issue Summons on Defendant (ECF No. 9).

When a plaintiff is granted leave to proceed *in forma pauperis*, the court may screen the plaintiff's complaint as provided in 28 U.S.C. § 1915(e)(2)(B), which requires the court dismiss the case at any time if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."[1] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate."[2] Because Plaintiff proceeds *pro se*, his pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[3] It is not the proper function of the district court to assume the role of advocate for the *pro se* litigant.[4]

Plaintiff alleges in his Amended Complaint that he brings this suit pursuant to 42 U.S.C. § 1983 for Defendant's alleged violations, under color of law as a state court judge, of certain protections guaranteed to Plaintiff by the Sixth and Fourteenth Amendments to the U.S. Constitution. Plaintiff alleges Defendant acted in clear absence of all jurisdiction by issuing a "fake" administrative order that was not stamped or filed in the court record. The administrative order, which is attached to Plaintiff's Amended Complaint, relates to Plaintiff's pending state child custody proceedings in Johnson County, Kansas District Court (case 22CV890). It prohibits the attorneys of record from giving a copy of a child interview report to their clients or allowing the client to read and make notes from the report, but allows the attorneys to discuss the contents of the report with their clients. Plaintiff alleges a copy of this "fake" administrative order was given to him on April 10, 2024 and contains "no file stamp, has no jurisdiction and [does] not even show[] [this] case document is titled as 22CV00890." He also alleges the administrative order is a "simulation of Legal Process" under Kansas criminal statute K.S.A. 21-5907.

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

Based upon the Court's review of Plaintiff's Amended Complaint and other filings in the record, it appears Plaintiff's claims against Defendant arise out of the judge's recent issuance of an administrative order related to Plaintiff's state court proceedings, and thus would be barred by judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."[5] Judicial immunity exists to protect judicial independence "by insulating judges from vexatious actions prosecuted by disgruntled litigants."[6] It is overcome in only two sets of circumstances: where actions taken in the judge's nonjudicial capacity are at issue or when judicial actions are taken in the complete absence of all jurisdiction.[7] There is a clear absence of jurisdiction "when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial."[8] A court invested with jurisdiction over the subject matter in question does not act in the clear absence of all jurisdiction.[9] Kansas courts have jurisdiction over child-custody determinations.[10] In such cases, Kansas district judges "have and exercise [ ] full judicial power and authority."[11]

---

[5] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

[6] *Forrester v. White*, 484 U.S. 219, 225 (1988).

[7] *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

[8] *Derringer v. Chapel*, 98 F. App'x 728, 733 (10th Cir. 2004).

[9] *Stein v. Disciplinary Bd. of Supreme Ct. of NM*, 520 F.3d 1183, 1195–96 (10th Cir. 2008).

[10] *See* K.S.A. 23-37,201(a)(1) (initial child-custody jurisdiction) and K.S.A. 23-37,202 (continuing jurisdiction).

[11] K.S.A. 20-302.

Plaintiff alleges no facts suggesting Defendant acted outside of his judicial capacity, instead he alleges Defendant's issuance of the administrative order was in the "clear absence of all jurisdiction." In analyzing the sufficiency of Plaintiff's complaint, the Court "need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."[12] Plaintiff alleges the administrative order Defendant issued is "fake" because it was not dated, file stamped, or filed in Plaintiff's state court case. Even accepting Plaintiff's allegations as true, they do not meet the high standard to show Defendant's issuance of the administrate order was in the complete absence of all jurisdiction needed to overcome judicial immunity.

Because Plaintiff's alleged claim arises from Defendant's issuance of an administrate order related to his ongoing state court child custody proceedings, this also raises the issue whether this Court should abstain from ruling on the merits of Plaintiff's claims under the *Younger* abstention doctrine.[13] The *Younger* doctrine provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."[14] *Younger* abstention is required when: (1) there is an ongoing state judicial proceeding involving the federal plaintiff; (2) that implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.[15]

---

[12] *Hall*, 935 F.2d at 1110.

[13] *Younger v. Harris*, 401 U.S. 37, 46 (1971) (The *Younger* abstention doctrine reflects "longstanding public policy against federal court interference with state court proceedings.").

[14] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

[15] *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Given the high standard for overcoming judicial immunity and the potential applicability of the *Younger* abstention, the Court will deny without prejudice Plaintiff's Motion to Proceed and Issue Summons, and order Plaintiff to show cause in writing how Defendant's actions were taken in the "clear absence of all jurisdiction," why Plaintiff's Complaint against Defendant should not be dismissed as barred by judicial immunity, and why his Complaint should not be dismissed under the *Younger* abstention doctrine.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed and Issue Summons on Defendant (ECF No. 9) is hereby denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable John W. Broomes, United States District Judge, on or before **July 16, 2024**, why his Complaint should not be dismissed as barred by judicial immunity and/or under the *Younger* abstention doctrine.

**IT IS FURTHER ORDERED** that Plaintiff's failure to file a timely response may result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated June 18, 2024, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge