IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN KNOCHE,

        Plaintiff,

v.                                    Case No. 24-2150-JWB

CHARLES JAMES DROEGE,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's response to Magistrate Judge James's order to show cause. (Doc. 13.) After review, Plaintiff's amended complaint is DISMISSED FOR LACK OF JURISDICTION.

**I.  Facts and Procedural History**

Plaintiff filed this action against Defendant Charles Droege, the Chief Judge of the Johnson County, Kansas District Court. Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's Sixth and Fourteenth Amendment rights. Plaintiff alleges that Defendant acted in clear absence of all jurisdiction by issuing an administrative order that was not stamped or filed in the court record. (Doc. 7.) The administrative order is attached to Plaintiff's Amended Complaint and relates to pending state child custody proceedings in Johnson County, Kansas District Court (case 22CV890). (*Id.* at 7.) Plaintiff alleges the administrative order is a "simulation of Legal Process" and violates K.S.A. § 21-5907, a criminal statute.

Magistrate Judge James screened the amended complaint and ordered Plaintiff to show cause why it should not be dismissed as Judge Droege is entitled to judicial immunity and this

1

court should abstain from jurisdiction under the *Younger* abstention doctrine. (Doc. 12.) Plaintiff has responded to the show cause order.

**II.     Standard**

Plaintiff is proceeding pro se and in forma pauperis ("IFP"). Under provisions pertaining to IFP matters, "the court shall dismiss the case at any time if the court determines that – … (B) the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.    Analysis**

Plaintiff is seeking relief relating to an ongoing civil proceeding concerning child custody matters. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case when: 1) a state criminal, civil, or administrative proceeding is pending; 2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and 3) the state

proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Phillips v. Martin*, 315 F. App'x 43, 44 (10th Cir. 2008) (citation omitted). Plaintiff's pleadings indicate that the child support proceeding is ongoing and the docket sheet further reflects that the proceeding is active with filings as recent as two weeks ago. *See* Doc. 1 at 6; *In re Knoche*, Case No. 22CV890. The ongoing proceedings implicate important state interests. *See Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB, 2019 WL 1915563, at *3 (D. Kan. Apr. 30, 2019) (citing *Wideman v. Colorado,* 242 F. App'x 611, 614 (10th Cir. Oct. 1, 2007)). Moreover, Plaintiff has failed to sufficiently explain why he lacks an adequate forum in the state proceeding to raise his claims. *Id.* Rather, he just makes a conclusory statement that the forum is not sufficient because of judicial bias. (Doc. 13 at 2–3.) However, such a conclusory statement lacks any legitimate basis and, further, the case has been reassigned to another judge in the state court. The court therefore concludes that it lacks subject matter jurisdiction to address Plaintiff's claims.

Alternatively, Plaintiff's amended complaint is subject to dismissal because Defendant is entitled to judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356–57 (citation omitted). Plaintiff alleges that the issuance of the administrative order was taken "in clear absence of all jurisdiction." (Doc. 1 at 5.) Based on the pleadings, Judge Droege was presiding over Plaintiff's state child custody proceedings. The administrative order entered in that case concerned the reports issued on the interviews with the children. Therefore, based on the allegations and the

3

court records, Judge Droege was issuing a ruling in a case in which he had jurisdiction. Such actions are within the scope of Judge Droege's judicial duties.

Plaintiff contends, however, that the entry of the order was in clear absence of the jurisdiction because it lacked a stamp and was not filed in the record. Plaintiff also asserts that the Kansas Bureau of Investigation ("KBI") has issued a report that an investigation is open concerning the administrative order. (Doc. 13.) Although Plaintiff alludes to this KBI report, he has not provided the report to the court. Further, the fact that the KBI might be investigating Plaintiff's allegations would not impact this court's decision here even if the court had been provided with the document.

Plaintiff has not shown any authority that would suggest some sort of clerical error in the filing of an order amounts to clear absence of jurisdiction. Rather, "[t]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." *Derringer v. Chapel*, 98 F. App'x 728, 733 (10th Cir. 2004). "So long as a judge acts with at least a semblance of subject matter jurisdiction, he is immune." *Id.* (internal quotations omitted). Because Judge Droege had jurisdiction over the matter and was issuing orders in that case, he was not acting in the clear absence of all jurisdiction by entering an order without a stamp. Therefore, he is entitled to absolute judicial immunity and the action must be dismissed as barred by judicial immunity.

**IV.    Conclusion**

Plaintiff's amended complaint is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.  Dated this 19th day of August, 2024.

                                                    s/ John W. Broomes
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE